HEARD APRIL TERM, 1872.

BARBER *vs.* McALILEY.

A sale of land under a decree for partition between heirs does not divest the lien of a judgment against the ancestor ; the purchaser takes subject to the lien.
An equitable defense cannot be made in an action to recover the possession of land under an answer merely denying the plaintiffs' legal title. It should be alleged in the answer.

BEFORE THOMAS, J., AT CHESTER, APRIL TERM, 1872.

This was the action of trespass to try title of Osmond Barber and Ferguson H. Barber, plaintiffs, against Samuel McAliley, defendant, · mentioned in the last preceding case of *McAliley* vs. *Barber.*

By agreement of the parties the facts of that case were regarded as proved in this, and need not be here repeated.

His Honor ruled that the lien of the judgment of Alexander Barber against Henry Macon had not been divested by the sale for partition, and was not affected by the fact that the plaintiffs might have obtained their money from the proceeds of that sale ; and he instructed the jury to find a verdict for plaintiffs.

The defendant excepted to the ruling and instruction, and appealed on the following grounds :

1. Because the lien of the plaintiffs' judgment on the lands of Macon was divested by the proceedings and sale in partition, and attached to the proceeds of said sale, which were under the control of the Court, and amply sufficient to satisfy said judgment.

2. Because the judgment, being a first lien in equity on the moneys in the Court made from the sales of the land under judicial pro-

cess, could not be a lien at law on the same land, and the sale thereunder was void.

*Brawley*, for appellant:

The lien of a judgment upon land is divested by a judicial sale thereof, and attaches to the proceeds of the sale, which stand in lieu of the land itself, subject to the same legal priorities. Such a lien is not, strictly speaking, *jus in re* or *jus ad rem;* it does not give a right of property in the land itself, or a specific claim upon it, but only a general right to be satisfied out of the property of the debtor.

The plaintiffs in this case can claim no more than that their judgment should be satisfied, and when they stood by and permitted the land to be sold, their claim upon the land was gone, and attached to the fund, which is still in Court, and more than sufficient to satisfy their debt.—*Keckley* vs. *Moore*, 2 Strob. Eq., 21 ; *Burris* vs. *Gooch*, 5 Rich., 6; *Codwise* vs. *Gelston*, 10 John., 508; Story Eq. Juris., § 553; *Garvin* vs. *Garvin*, 1 S. C., 62.

If it be true that plaintiffs have a lien upon the fund in Court arising from the sale of the land, then it is manifestly unjust that they should also have a lien on the land itself, which was sold, with their acquiescence, by order of Court, and bought by an innocent purchaser for valuable consideration. But, admitting that the plaintiffs have a claim upon both, is it not a uniform principle, founded in natural justice, that if a creditor has a lien upon two funds or two parcels of land, he should be compelled to resort to that which can satisfy his claim without detriment to the rights of others, particularly when the relief required is specially pointed out to him, and is certain, prompt and efficient?—Story Eq., § 633 *et seq.;* Foub. Eq., B. 3, Ch. 2, § 6; *Lanoy* vs. *Duke of Athol*, 11 Atk., 446; *Aldrich* vs. *Cooper*, 8 Ves., 388–396; *Clowes* vs. *Dickinson*, 5 John. Ch. R., 240, S. C.; 9 Cowen, 403; *Bank of Hamburg* vs. *Garmany*, 1 Strob. Eq., 173; *Gadberry* vs. *McLure*, 4 Strob. Eq., 178; *Felder* vs. *Murphy*, 11 Rich. Eq., 60.

*Hemphill*, contra :

An injunction cannot be allowed to stay proceedings in another action in the same Court.—1 Tilling. & Shear., Pr., 677 ; 1 Whitaker's Pr., 454, 461.

Judgments and executions in this State have an indefinite lien, except in case of presumption of payment after the lapse of twenty years, or actual payment.—*State* vs. *Laval*, 4 McC., 336.

The lien of judgments and executions against the ancestor is not divested by a sale under proceedings in partition between the heirs.— *Moore* vs. *Wright*, 14 Rich. Eq., 132; *Walton*, vs. *Copeland*, 7 Johns. Ch., 140; 2 Van Sanf. Eq. Pl., 14.

The lien or claim of a judgment against one of the heirs may be divested under such proceedings for partition; but the title of the heirs is only inchoate, and is qualified and limited by the right of his co-distributees.—*Rabb* vs. *Aiken*, 2 McC. Ch., 125; *Burris* vs. *Gooch*, 5 Rich., 6; *Keckley* vs. *Moore*, 2 Strob. Eq., 23.

The lien of the judgment and execution extends to all the defendant's real and personal property, without distinction, and the creditor has the option to enforce his execution against either; and he is not compellable to resort to the personal assets, or to any pecuniary fund under the control of the Court, for the satisfaction of his debt.— *Jones* vs. *Wightman*, 2 Hill, 580, 581, 583; *Longworth* vs. *Screven*, 2 Hill, 298; *Vernon* vs. *Chalk*, 2 Hill Ch., 259, 260; *Fowler* vs. *Barksdale*, Harp. Eq., 165; *Moore* vs. *Wright*, 14 Rich. Eq., 134.

The defendant in the first action, and the party under whom he claims, are not injured by the act of the judgment creditor, as they had express as well as implied notice of the existence of the lien.— *Ellis* vs. *Woods*, 9 Rich. Eq., 19.

Dec. 16, 1872.   The opinion of the Court was delivered by

WILLARD, A. J. The action was trespass for the recovery of land purchased by the plaintiff under execution upon a judgment recovered against H. Macon, brought against a purchaser of the same land, under a partition between the distributees of H. Macon. The only question presented by the case is, whether the sale under partition divested the lien of the judgment against the ancestor.

The proposition that a title, made under a decree for partition among distributees, does not divest or impair the lien of a judgment against the ancestor of the distributees, must be regarded as substantially settled by *Moore* vs. *Wright* (14 Rich. Eq., 132.) Title under such a decree can have no greater force and effect than that of the distributees out of which it was derived.

The title of the distributees being subject to the lien of a judg-

ment against their ancestor, that derived through their partition must be so subject.

The judgment creditor of the ancestor was not a party to the partition, and therefore could not be bound by the decree. *Walton* vs. *Copeland* (7 Johns. Ch., 140,) holds that the judgment creditor would not be a proper party to the partition.

The second ground of appeal has no application to the case. The issue made by the pleadings, as appears by the brief, is simply as to the legal title to the land. If the defendant had an equity as affecting the plaintiff's legal right, that was the proper subject of an equitable defense, under the Code, but cannot be considered under a general issue denying the plaintiff's legal right to the land. In fact, the plaintiff's case, so far as it involves grounds of equity, was presented in the suit of *McAliley* vs. *Barber*, *ante*, p. 45, and was decided under that case.

We are bound to regard the present case as one involving merely the legal rights of the parties as they would be presented in the common law action of trespass to try title. Viewing the case in this light, there was no error in the directions given to the jury, inasmuch as the plaintiff's verdict was a necessary consequence of an undisputed state of facts, leaving nothing for the jury to determine.

The appeal should be dismissed without prejudice to the defendant in this cause in any course he may be advised as to the fund in Court.

*Moses*, C. J., and *Wright*, A. J., concurred.